

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# Darian Cook v. Layton

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Darian Cook v. Layton" (2008). *2008 Decisions.* Paper 207.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/207

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2156
_____

DARIAN COOK,
                                        Appellant

v.

LAYTON, Officer (NEW JERSEY STATE TROOPER)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cv-03672)
District Judge:  Honorable Renee Marie Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2008
Before: MCKEE, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 19, 2008)

_____

OPINION
_____

PER CURIAM

    Darian Cook, a pro se federal prisoner, appeals from an order dismissing his

complaint as time-barred.  Cook filed a complaint in the United States District Court for

the District of New Jersey, alleging that a New Jersey state trooper, Officer Layton,

stopped and searched him on September 10, 1992, on the basis of his race. The District Court dismissed the complaint under 28 U.S.C. § 1915(e) as time-barred, and Cook sought leave to amend his complaint. The District Court denied leave on the basis that amendment would be futile. Cook appealed.[1]

Cook alleges that during the stop and search, Layton discovered a packet of cocaine in a nearby wooded area, and as a result, Cook was wrongfully convicted of drug charges under state law. Cook served 48 months imprisonment for the offense. Cook alleges that his conviction and sentence were overturned and dismissed with prejudice on April 21, 2006, upon motion by the New Jersey Attorney General, "on the basis of racial profiling."

The District Court determined that the statute of limitations for a § 1983 action in New Jersey is two years. The District Court determined that Cook had asserted a claim of false arrest, and that this claim accrued "at the latest" when Cook's trial ended in the 1990s. As Cook did not file suit until August 6, 2007, the District Court concluded that Cook's claim was time-barred.

We agree with the District Court that the statute of limitations for Cook's claim is two years. See Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998). We disagree with the District Court's characterization of Cook's claim, however, and with its analysis of when the claim accrued.

_____

[1]We have jurisdiction under 28 U.S.C. § 1291.

2

The District Court construed the complaint as alleging false arrest, or arrest in the absence of probable cause. Cook asserts that Officer Layton targeted him because of his race, and that this led to his unlawful conviction and imprisonment. Instead of asserting merely that the arrest lacked probable cause or legal justification, Cook alleges that Officer Layton acted with an illegal motive – racial discrimination – that tainted his entire prosecution. Under these circumstances, we believe that Cook has asserted an equal protection claim, and not merely a claim of false arrest.

A claim of unconstitutional conviction or imprisonment is cognizable under § 1983 only if the plaintiff has demonstrated that his or her conviction has been overturned. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Such a claim does not accrue until the plaintiff's conviction has been overturned. Put another way, a civil rights claim regarding an arrest and/or prosecution is not cognizable if its success would invalidate the plaintiff's conviction.

Heck's deferred accrual rule applies to allegations of a violation of equal protection, because a successful claim of racially discriminatory enforcement of the law would invalidate the resulting conviction and sentence. Gibson v. Superintendent, 411 F.3d 427, 435, 441 (3d Cir. 2005).[2] Accordingly, Cook's equal protection claim did not accrue until his conviction was overturned on April 21, 2006. As he filed suit on August

---

[2] In contrast, the deferred accrual rule does not apply to claims of false arrest because a successful claim for false arrest does not necessarily invalidate a conviction and sentence resulting from that arrest. Montgomery, 159 F.3d at 126 n.5.

27, 2007, within the two-year statutory period, his claim is not time-barred.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings on Cook's equal protection claim.[3] To the extent that Cook also asserted a Fourth Amendment claim for false arrest, we will affirm the District Court's determination that the claim is time-barred.

---

[3]If at some point the District Court determines that Cook's complaint is deficient, the District Court may wish to permit him to amend his complaint.

4